**XIU YING ZHOU**

v.

HOLDER,[1] A077 297 699

Yue E. Lin

v.

Holder, A098 480 429

Yan Lin and Yong Zhi Zhu

v.

Holder, A098 485 352, A098 485 353

Xiao Yun Liu

v.

Holder, A099 074 453

Jian Fei Lin, Long Zhang

v.

Holder, A099 074 464, A099 074 465

Su Zhen Zheng

v.

Holder, A073 382 417

Juan Xia Chen

v.

Holder, A094 813 611

Ruiyu Wang

v.

Holder, A096 263 970

Yi Mei Zheng, Da Zhong Zheng

v.

Holder, A099 559 727, A099 559 728

Ying Chen

v.

Holder, A095 459 835

Yen Yun Chen

v.

Holder, A072 971 187

Sai Qin Weng

v.

Holder, A098 365 237

Zhong Yue Dai

v.

Holder, A070 703 020

Xi Yue Zou

v.

Holder, A098 580 278

Qiu Yun Shi, Mian Yang

v.

Holder, A099 079 002, A099 079 003

Xiao Bin Chen, Jin Xiu Liu

v.

Holder, A072 484 724, A076 217 327

Ling Qin Huang

v.

Holder, A078 527 659

Ruie Lin

v.

Holder, A094 824 980

Yan Chen

v.

Holder, A078 852 678

Bin Chen aka Meiqin Chen

v.

Holder, A076 627 827

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

Qiao Qing Jin

v.

Holder, A099 423 335

Yu Fang Lin

v.

Holder, A073 626 193

Tian Xiang Zheng

v.

Holder, A094 046 347

Jing Bing Lin

v.

Holder, A072 938 074.

Nos. 07–4832–ag, 07–5470–ag, 08–0039–ag, 08–0249–ag, 08–0408–ag, 08–0517–ag, 08–1732–ag, 08–1893–ag, 08–1981–ag, 08–2448–ag, 08–2499–ag, 08–2784–ag, 08–3122–ag, 08–3139–ag, 08–3496–ag, 08–4001–ag, 08–4623–ag, 08–6179–ag, 09–0226–ag, 09–0843–ag, 09–1148–ag, 09–1311–ag, 09–1982–ag, 09–2180–ag.

United States Court of Appeals,
Second Circuit.

July 29, 2010.

Bruno Joseph Bembi, Esq., Law Office of Bruno Joseph Bembi, Esq., Hempstead, NY, for Xiu Ying Zhou/Xi Yue Zou.

Gary J. Yerman, Esq., Law Office of Gary Yerman, New York, NY, for Yue E. Lin/Yan Chen/Zhong Yue Dai/Ruie Lin/ Qiao Qing Jin/Jing Bing Lin.

Richard Tarzia, Esq., The Law Office of Richard Tarzia, Belle Mead, NJ, for Yan Lin/Xiao Yun Liu/Mian Yang/Qiu Yun Shi.

Yee Ling Poon, Esq., Law Offices of Yee Ling Poon, New York, NY, for Jian Fei Lin/Long Zhang/Yen Yun Chen/Sai Qin Weng.

Chun W. Wong, Esq., Law Office of Chun W. Wong, New York, NY, for Da Zhong Zheng/Yi Mei Zheng.

Peter D. Lobel, Esq., Law Office of Peter D. Lobel Esq., New York, NY, for Jin Xiu Liu/Xiao Bin Chen.

Oleh R. Tustaniwsky Esq., Pacific Law Office, New York, NY, for Su Zhen Zheng.

Norman Kwai Wing Wong, Esq., Law Office of Norman Kwai Wing Wong, Esq., New York, NY, for Juan Xia Chen.

Jason A. Nielson, Esq., Law Offices of Joe Zhenghong Zhou & Associates PLLC, Flushing, NY, for Ruiyu Wang.

Jan Potemkin, Esq., Law Office of Jan Potemkin, New York, NY, for Ying Chen.

Jeannine Quijije, Esq., Law Office of Fuhao Yang, New York, NY, for Ling Qin Huang.

Waisim Cheung, Esq., Tsoi and Associates, New York, NY, for Bin Chen.

Charles Christophe, Esq., Christophe & Associates P.C., New York, NY, for Yu Fang Lin.

Vlad A. Kuzmin, Esq., Kuzmin & Associates, PC, New York, NY, for Tian Xiang Zheng.

Leslie McKay, Esq., Janice K. Redfern, Esq., Office of Immigration, Michele Y. F. Sarko, Esq., Wendy Benner–Leon, Esq., Rosanne M. Perry, Esq., Michelle Gordon Latour, Esq., U.S. Department of Justice, Leah Vasahnja Durant, Esq., Andrew O'Malley, Esq., Ernesto H. Molina, Esq., Joseph D. Hardy, Esq., Theo Nickerson, Esq., Matt A. Crapo, Esq., Brendan Paul Hogan, Esq., Keith I. McManus, Esq., Barry J. Pettinato, Esq., Kristin A. Moresi, Esq., Remi Adalemo, Esq., Aimee J.

56

Frederickson, Esq., Sunah Lee, Esq., Lisa M. Arnold, Esq., Thankful T. Vanderstar, Esq., Julia J. Tyler, Esq., U.S. Department of Justice/Office of Immigration Litigation, Blair T. O'Connor, Esq., Jeffrey R. Meyer, Esq., Department of Justice, Civil Division, Washington, DC, for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Each of these petitioners, all Chinese citizens, challenges a decision of the BIA denying their applications for relief based on the birth of one or more children in the United States. For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decision denying each application.[2] *See id.* at 168–72. Contrary to the arguments of several of the petitioners, the BIA does not conduct impermissible *de novo* review in determining that evidence fails to demonstrate an objectively reasonable fear of forced sterilization. *See id.* at 162–63; 8 C.F.R. § 1003.2(d)(3).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

---

**2.** To the extent some of the petitioners asserted that they were entitled to relief based on their alleged illegal departure from China, we find no error in the agency's denial of those claims. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005). Additionally, we find that the agency did not err in denying Yan Chen's motion for a continuance in docket number 09–0226–ag, because the BIA decision that she cited did not represent a change in law. *See Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir.2006). We decline to review petitioner's unexhausted argument, in *Xiao Yun Liu v. Holder*, Docket No. 08–0249–ag, that we should remand the proceedings to the BIA because the IJ's decision was omitted from the record before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1, 122 (2d Cir.2007).